**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 11, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

A. V. AVINGTON, JR.,

        Plaintiff - Appellant,

v.

METROPOLITAN TULSA URBAN
LEAGUE,

        Defendant - Appellee.

No. 14-5082
(D.C. No. 4:12-CV-00621-JED-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Proceeding pro se, A. V. Avington, Jr. filed discrimination and retaliation

claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.

§§ 2000e–2(a)(1) and 2000e–3(a), and the Age Discrimination in Employment Act

(ADEA), 29 U.S.C. § 623 against the Metropolitan Tulsa Urban League (MTUL).

The trial judge entered summary judgment in favor of MTUL, from which Avington

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeals. MTUL has insufficient employees to bring his claims within the ambit of either statute. According to the argument presented to and rejected by the district judge, MTUL's ties with an affiliated organization require both to be treated as a single employer. The undisputed facts do not support the argument. We affirm.[1]

Avington, who is over forty years old, unsuccessfully applied for a job with MTUL. He filed a complaint against it alleging he was not hired because of sex and age discrimination and also claiming retaliation based on his complaint to MTUL about not getting the job. MTUL asserted it did not employ enough individuals to subject it to a suit under Title VII or the ADEA and moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), or alternatively for summary judgment under Fed. R. Civ. P. 56. It attached evidence showing it employed fewer than fifteen employees in each of the six months preceding the alleged violations, and thus was not "an employer" under Title VII or the ADEA. *See* 42 U.S.C. § 2000e(b) (defining an "employer" under Title VII as one with fifteen or more employees) and 29 U.S.C. § 630(b) (defining an "employer" under the ADEA as having twenty or more employees).

In response, Avington conceded that MTUL had fewer than fifteen employees. But he argued MTUL's employees should be combined with the employees of the National Urban League for purposes of meeting the employee numerosity requirements under a single entity or agency theory. He attached several documents

---

[1] Our jurisdiction is derived from 28 U.S.C. § 1291.

describing the National Urban League (NUL) as a national civil rights organization with more than 100 community affiliates, including MTUL.

In some circumstances, courts may treat separate entities as a joint or single employer for purposes of determining the threshold number of employees required for an employer to be subject to suit under Title VII or the ADEA. *See Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1225-27 (10th Cir. 2014) (describing joint and single employer theories under Title VII). "Under the joint employer test, two entities are considered joint employers if they share or co-determine those matters governing the essential terms and conditions of employment." *Id*. at 1226 (internal quotation marks omitted). Under the single employer test, two entities can be found to effectively constitute a single employer if they are an "integrated enterprise." *Id*. at 1226-27. To make that determination, courts "generally weigh four factors: (1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control." *Id*. at 1227 (internal quotation marks omitted).

MTUL replied attaching an affidavit from its President and Chief Executive Officer, Marquetta Finley. According to the affidavit MTUL and the NUL have no common management or financial or accounting operations. In addition, Finley averred: 1) the NUL does not have or exercise any control over any of MTUL's financial, management or employment decisions; 2) the two organizations do not maintain any combined accounting records, bank accounts, lines of credit, payroll

operations, switchboards, telephone numbers, or offices; 3) the MTUL has complete and exclusive control over its employment decisions and labor relations; and 4) while the NUL does certify the eligibility of applicants for the position of MTUL President, it does not select or control who MTUL hires as its President and does not participate in, influence or have any other role in any other MTUL employment decisions.

The district judge converted MTUL's motion to dismiss into a motion for summary judgment and allowed Avington an opportunity to provide relevant supplemental evidence. Avington submitted additional documents in which MTUL was described as an affiliate of the NUL. None of Avington's evidence stated or even suggested how NUL exercised any control over MTUL's employment, management or financial decisions.

After discussing the factors that the courts consider when determining if two entities are single or joint employers under Title VII and the ADEA, *see id.*, 758 F.3d at 1226-27, the judge decided the undisputed evidence demonstrated the absence of any interrelations of operations or common management between MTUL and the NUL such that the NUL could be considered a single or joint employer with MTUL. Thus, it granted summary judgment in favor of MTUL. In this appeal Avington argues to the contrary.

We construe pro se filings liberally. *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). We review a district court's grant of summary judgment de novo. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). Summary

judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a defendant moving for summary judgment carries its initial burden to point out an absence of evidence supporting the plaintiff's claim, the burden shifts to the plaintiff to produce evidence demonstrating there is a genuine issue of material fact to be tried. *Adler*, 144 F.3d at 670-71.

Avington claims his case is identical to one in which the Sixth Circuit found a corporate parent should be treated as the single employer of its subsidiary, *Armbruster v. Quinn*, 711 F.2d 1332 (6th Cir. 1983), *abrogated on other grounds by Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). But the facts in *Armbruster* are entirely different. There, the evidence demonstrated the parent company was the sole owner of the subsidiary, exercised substantial control over the subsidiary's financial and management decisions, and exercised a significant measure of control over the subsidiary's hiring decisions. *Id*. at 1338-39. Avington produced no such evidence. The undisputed facts fail to show NUL exercising any control over MTUL's employment decisions, employees or the terms and conditions of employment with MTUL, and no evidence of common management; common or centralized control of labor relations, or common ownership and financial control.

We affirm the summary judgment dated July 2, 2014 for substantially the same reasons it contains.

Entered for the Court

Terrence L. O'Brien
Circuit Judge